*In Re:* APPLICATION OF THE UNIVERSITY OF JACKSONVILLE, a corporation, not for profit, for an order approving course of study of law.

178 So. 149.

Division A.

Opinion Filed January 8, 1938.

TERRELL, J.—The University of Jacksonville filed its petition in this Court praying for an order approving its course of study in law. A rule *nisi* was issued directed to the State Board of Law Examiners and the State Bar Association commanding them to show cause why the pe-- tition should not be granted.

The State Board of Law Examiners and the State Bar Association appeared, moved to quash the rule *nisi* and on the issue thus made, the cause was heard March 26, 1937, in connection with the petition of the State Bar Association and others to approve and adopt rules proposed by them for the regulation of the bar.

The petitioner apparently relied on Section 4181, Compiled General Laws of 1927 for the relief sought. The petition must be and is hereby denied because, (1) this Court is not authorized to approve the course of study of any law school and, (2) while we are authorized under Section 4180, Compiled General Laws of 1927, to prescribe courses of study to be pursued by applicants for admission to the bar the course so prescribed is the identical one that law schools are required by Section 4181, Compiled General

Laws, to maintain. Such a course has been prescribed as the law directs and is available to petitioner on requisition to the Clerk of this Court.

If petitioner desires to secure for its graduates like privileges as are granted to graduates of law schools under Section 4181, *supra,* it is necessary that it make showing to the State Board of Law Examiners that it has maintained the course of study prescribed by this Court, that it offers library facilities to its students equivalent to those offered by law schools complying with Section 4181, *supra,* that it has a faculty of equivalent qualification to the faculty of said law schools and that its equipment and facilities for preparation for the bar are in other respects equal to that offered by "A" grade law schools in this country.

For a full discussion of our views on this and cognate questions see *Ex parte* Florida State Bar Association, *et al.,* opinion filed this date.

It is so ordered.

ELLIS, C. J., and WHITFIELD and BROWN, J. J., concur.

CHAPMAN, J., disqualified.